JOHN C. RADABAUGH, JR., ET AL., [1] Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent Radabaugh v. Commissioner
Docket Nos. 5798-90, 5825-90, 5826-90
United States Tax Court
T.C. Memo 1992-572; 1992 Tax Ct. Memo LEXIS 587; 64 T.C.M. (CCH) 910; T.C.M. (RIA) 92572; September 24, 1992, Filed Decision in docket No. 5798-90 will be entered under Rule 155. Decisions in docket Nos. 5825-90 and 5826-90 will be entered for respondent. John R. Wanick, for petitioners. Eric M. Nemeth, for respondent. BEGHE, Judge. BEGHE
MEMORANDUM FINDINGS OF FACT AND OPINION Petitioners [2] *588 and respondent reached agreements regarding deficiencies in petitioners' Federal income taxes for the taxable years 1980 through 1985, but petitioners did not agree that they were liable for any additions to tax. After each petitioner executed a Waiver of Restrictions on Assessment and Collection of Deficiency in Tax and Acceptance of Overassessment (Form 870) for each of the years at issue as to the underlying deficiencies, respondent assessed the agreed tax liabilities against petitioners and the interest thereon. Respondent also assessed part of the late filing addition to tax under section 6651(a)(1)[3] for the year 1980 and part of the tax shown due on petitioner's 1981 return that was not paid with that return. By statutory notices of deficiency, respondent determined that petitioners were liable for additions to tax as follows: 1. Docket No. 5798-90 (John C. Radabaugh, Jr.)
Additions to Tax
Sec.
Sec. Sec. Sec. Year
6651(a)(1)
6653(a)(1) [1]
6653(a)(2) [2]
6661(a)
1980
$ 3,623.67
$   871.88
--    --   1981
1,700.22
1,750.22
$ 15,280.48
--   1982
--  537.36
3,785.23
$ 2,686.78
1983
--  1,268.79
6,392.64
6,343.96
1985
2,626.99
547.85
1,060.94
2,739.24
2. Docket No. 5825-90 (John C. and Patricia A. Radabaugh)
Additions to Tax
Sec.
Sec.
Sec.
Sec.
Year
6651(a)(1)
6653(a)(1)
6653(a)(2)
6661(a)
1984
$ 8,782.13
$ 1,771.43
[1]
$ 8,750.92
*589 3. Docket No. 5826-90 (Patricia A. Radabaugh)
Additions to Tax
Sec.
Sec.
Sec. Year
6651(a)(1)
6653(a)(1)
6653(a)(2) [1]
1985
--     $ 156.31
$ 209.03
Petitioner and respondent have stipulated that the Court lacks jurisdiction over $ 122.98 of the addition to tax under section 6651(a)(1) for the taxable year 1981 on the ground that this amount is not subject to the deficiency procedures because it relates to a tax liability assessed on a late filed return. The issues remaining for decision are whether petitioners are liable for additions to tax under: (1) section 6651(a)(1) for late filing of Federal income tax returns, (2) section 6653(a) for negligence or intentional disregard of rules and regulations, *590 and (3) section 6661(a) for substantial understatement of income tax. We conclude, after giving effect to the stipulation of the parties on the jurisdictional issue, that petitioners are liable for all the additions to tax determined by respondent. FINDINGS OF FACT We incorporate by reference the stipulated facts and their attached exhibits. Petitioners resided in Toledo, Ohio, when they filed their petitions with this Court. Petitioners are cash basis taxpayers using the calendar year as their accounting period. John C. Radabaugh
Petitioner is a chiropractor authorized to practice in the State of Ohio. After graduating from high school in 1965, petitioner completed a 5-year chiropractic course at the National College of Chiropractic. Petitioner has been practicing chiropractic medicine since 1970. On July 10, 1978, petitioner organized Dr. J. C. Radabaugh, Inc., an Ohio corporation, through which to conduct his practice. The corporation did not legally exist after 1979. Because petitioner was not the corporation's statutory agent, he did not become aware until 1990 that the corporation's legal existence had been terminated. In 1979 petitioner hired Franklin Shore, *591 Sr., now deceased, a certified public accountant in Toledo, Ohio, to prepare the corporation's Federal and State income tax returns. Petitioner also hired Mr. Shore to prepare his Federal and State personal income tax returns. Petitioner gave Mr. Shore the records and information needed to timely prepare and file his returns for the years 1979 through 1985. Mr. Shore prepared the returns as requested for the years 1979 through 1983. However, Mr. Shore did not prepare petitioner's returns for 1984 or 1985. Petitioner did not file his individual returns for the years 1980 and 1981 until May 11, 1982, after their respective due dates. [4] Petitioner timely filed his individual returns for the years 1982 and 1983. Petitioner did not personally mail any of these returns to respondent. He relied on his accountant, Mr. Shore, to mail the returns. Although *592 petitioner asked Mr. Shore for copies of the returns Mr. Shore had prepared, petitioner never obtained any copies. In addition, after preparing the returns, Mr. Shore did not return petitioner's records, although petitioner asked him to do so. Petitioner's 1980 Federal income tax return reported taxable income of $ 15,297.08 and a total income tax of $ 2,417. [5] Petitioner also reported $ 525.95 in self-employment tax, for a total tax of $ 2,942.95. Petitioner reported $ 1,000 in Federal income tax withheld and paid the remaining balance with his return. Because the return was not timely filed, respondent assessed a late filing addition of $ 485.74, an amount equal to 25 percent of the amount of tax shown on the return less withholding credits. *593 Petitioner's 1981 Federal income tax return reported taxable income of $ 16,040.50 and a total income tax of $ 2,876. Petitioner also reported $ 583.61 in self-employment tax. His total reported tax for 1981 was $ 3,459.61. Petitioner also reported $ 1,000 in Federal income tax withheld. Petitioner made no other payment with his return. As a result, there was an unpaid balance of $ 1,876 in income tax and $ 583.61 in self-employment tax. On January 5, 1985, respondent assessed $ 1,862 toward the underpayments of tax shown on petitioner's 1981 return, but did not assess any addition to tax for late filing. [6]
Not until February 1985, when Internal Revenue Agent James Starr contacted petitioner, did he realize there was a problem *594 with his income tax reporting other than his failure to pay the full tax shown on his 1981 return. After Mr. Starr began to examine petitioner's tax returns, petitioner again tried, to no avail, to retrieve his records from Mr. Shore. In October 1985, petitioner learned that Mr. Shore had been suspended from practice before the Internal Revenue Service. Petitioner then retained James H. Miles, C.P.A., of Bowling Green, Ohio. Mr. Miles was to take charge of petitioner's tax affairs, prepare his 1984 and 1985 tax returns, and represent petitioner in the IRS examination. Petitioner retained Mr. Miles for approximately 2 years. During that period, petitioner again requested his old returns and records from Mr. Shore, but still to no avail. Mr. Miles completed but did not timely file petitioner's 1985 income tax return. For the taxable year 1984, Mr. Miles did not prepare petitioner's income tax return. On November 2, 1987, petitioner brought a civil suit in the Court of Common Pleas of Lucas County, Ohio, for fraud and malpractice against Mr. Shore, and for malpractice against Mr. Miles. Petitioner's complaint alleged that Mr. Shore "negligently failed to prepare [petitioner's] *595 taxes in a careful, professional and complete manner, such that same complied with all regulations and rules of the United States Government." Petitioner's complaint also alleged that Mr. Shore's negligence had "caused him to be audited by the Internal Revenue Service, and further to be assessed fines, penalties and fees, interest due and owing to the Internal Revenue Service." The complaint also alleged that Mr. Shore fraudulently misrepresented his background and qualifications to prepare tax returns. Petitioner's complaint alleged that Mr. Miles had failed to meet the required standard of care and unjustifiably billed petitioner over $ 15,000 in accounting fees. The complaint further alleged that Mr. Miles negligently represented petitioner before the IRS so as to cause him to be liable for "additional fines, penalties, and taxes for which he otherwise would not have been required to be obligated for." Petitioner also sued Mr. Miles's accounting firm, alleging negligent supervision. Petitioner's complaint requested compensatory relief in excess of $ 10,000 from each defendant. It also requested punitive damages of $ 100,000 each from Mr. Shore and Mr. Miles, as well as costs *596 and attorney's fees. Mr. Shore died while the suit was pending. Thereafter, the suit was settled, and petitioner eventually collected $ 17,721 from Mr. Shore's estate, and $ 4,500 from Mr. Miles and his accounting firm. While petitioner's lawsuit against his former accountants was pending, petitioner agreed with respondent to deficiencies in Federal income tax for the years 1980 through 1985 [7] and, on March 14, 1988, executed a Form 870 to the following effect: Taxable Year
Deficiency
1980
$ 14,494.69
1981
[8] 29,682.85
1982
10,747.11
1983
25,375.83
1985
10,956.96
Petitioner's returns did not disclose any of the items that resulted in increases in tax nor did he offer any authority at trial or on brief for the underlying positions taken on the returns that resulted in those increases. Patricia *597 A. Radabaugh
Patricia A. Radabaugh, nee Patricia A. Curtin, [9] is Dr. Radabaugh's wife and a graphic artist. Petitioner and Mrs. Radabaugh were married in 1979. In 1982, she organized Person-ettes, Inc., an Ohio corporation engaging in providing graphic art, with a business office at the Southwyck Mall in Toledo. Mrs. Radabaugh has been in the graphic arts business since the late 1970s, and holds more than 100 design copyrights. Prior thereto, she was an elementary school teacher. Mrs. Radabaugh has a bachelor of science degree in elementary education from Eastern Kentucky University. When Mrs. Radabaugh formed Person-ettes, she hired Mr. Shore to provide tax advice and to prepare and file her personal and corporate Federal and State income tax returns. She provided Mr. Shore with all records and information needed to properly prepare these returns. *598 Mr. Shore advised Mrs. Radabaugh to keep all her financial affairs, including her taxes, separate from her husband's affairs. With the exception of her amended return for the year 1984, Mrs. Radabaugh always filed a separate income tax return. [10]
Mrs. Radabaugh met with Mr. Shore to review and sign her tax returns on or before their due dates. For the year 1985, Mrs. Radabaugh's income tax return was timely filed under an extension of time to file. Respondent determined a deficiency in her 1985 income tax and on August 24, 1987, Mrs. Radabaugh executed a Form 870 agreeing to a deficiency and assessment of Federal income taxes of $ 3,126.11 for the taxable year 1985. *599 John C. & Patricia A. Radabaugh (1984)
Dr. Radabaugh did not file a Federal income tax return for the year 1984. On or before April 15, 1985, Mrs. Radabaugh reviewed her 1984 return with Mr. Shore, who had prepared the return, and she signed it. On July 15, 1985, Mr. Shore filed Mrs. Radabaugh's return for 1984, having obtained a 4-month extension of time to file. After respondent's agent began to examine petitioners' income taxes, Mrs. Radabaugh obtained a new tax adviser, Larry Shonebarger. On his advice, Dr. and Mrs. Radabaugh filed a joint amended return (Form 1040X) on April 21, 1988, for the taxable year 1984. Dr. Radabaugh, however, had not filed an initial return on Form 1040 for 1984. The amended return reported joint taxable income of $ 98,535. After an examination of petitioners' tax liability for the year 1984, respondent determined that petitioners had $ 97,885.77 in taxable income for 1984 and calculated the total tax, after accounting for certain credits and self-employment taxes, as $ 35,428.93. Mrs. Radabaugh had previously paid $ 424.87 with her original 1984 return. On August 24, 1987, Mrs. Radabaugh executed a Form 870, agreeing to an $ 8,451.13 *600 tax deficiency and assessment for 1984. Dr. Radabaugh executed two separate Forms 870 and agreed to tax deficiencies and assessments of $ 3,376 and $ 24,450.50 for 1984. There was a resulting overpayment of $ 1,273.57.
OPINION A. Section 6651(a)(1) -- Late Filing
Section 6651(a)(1) imposes an addition to tax for failure to file a return of "5 percent of the amount of such tax if the failure is not for more than 1 month, with an additional 5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate". This section provides that no addition to tax for late filing will apply where it is shown that the late filing "is due to reasonable cause and not willful neglect". Reasonable cause means the exercise of ordinary care and prudence on the part of the taxpayer. United States v. Boyle, 469 U.S. 241, 246 n.4 (1985); sec. 301.6651-1(c)(1), Proced. & Admin. Regs. In 1980, 1981, 1984, and 1985, Dr. Radabaugh failed to timely file his Federal income tax returns. Mrs. Radabaugh is jointly and severally liable for the year 1984, inasmuch as she filed a joint amended return *601 with Dr. Radabaugh for that year. Sec. 6013(d)(3). Petitioners' reliance on their accountant, Mr. Shore, to timely file their tax returns does not constitute reasonable cause within the meaning of section 6651(a)(1). "That * * * [an agent] was expected to attend to the matter does not relieve the principal of his duty to comply with the statute". United States v. Boyle, supra at 250. Petitioners argue that under Boyle, reliance on a tax professional provides "reasonable cause". Id. at 251. We disagree. In Boyle, the Supreme Court held that reliance on a tax professional's advice about substantive tax matters is reasonable, not reliance on his promises to file a return in a timely fashion. Petitioners were not relying on their accountants' advice as tax experts when they trusted them to timely file their returns. Therefore, petitioners' late filing of their returns is not excused. We sustain respondent's determinations of additions to tax under section 6651(a)(1). B. Section 6653(a) -- Negligence
Sections 6653(a)[11] and 6653(a)(1) provide that where any part of any underpayment of income *602 tax is due to negligence or intentional disregard of the rules and regulations, an amount equal to 5 percent of the underpayment shall be added to the tax. Section 6653(a)(2) imposes an additional amount equal to 50 percent of the interest due on the underpayment attributable to negligence. Negligence is defined as a failure to exercise the care that a reasonable and ordinarily prudent person would exercise under the circumstances. Marcello v. Commissioner, 380 F.2d 499, 506 (5th Cir. 1967), affg. in part and remanding in part 43 T.C. 168 (1964); Neely v. Commissioner, 85 T.C. 934, 947 (1985). As with a determination of a deficiency, respondent's determination of negligence or intentional disregard of rules *603 and regulations is prima facie correct and petitioners have the burden of proving otherwise. Rule 142; Bixby v. Commissioner, 58 T.C. 757, 791 (1972). Petitioners must show that they acted reasonably and prudently and exercised due care in filing their income tax returns and reporting their income tax liability. Petitioners have not made such a showing. As a general rule, the duty of filing a timely and accurate return cannot be avoided by placing responsibility on a tax return preparer. Metra Chem Corp. v. Commissioner, 88 T.C. 654, 662 (1987). Both petitioners are professionals with college degrees. Although they lacked training in tax law, they were aware of their responsibility to timely file true and accurate income tax returns. We believe that petitioners' lack of care is reflected by the large increases in their tax liabilities for the years in question. We also note the length of time that Dr. Radabaugh allowed Mr. Shore to continue his unprofessional behavior. A reasonably prudent individual would not have remained a client of such an unsatisfactory accountant. Moreover, with the exception of Dr. Radabaugh's *604 1985 return and the joint amended return for 1984, all of petitioners' income tax returns showed them to be single individuals even though they had been married since 1979 and were not divorced. Section 1 imposes a higher rate of tax on individuals who are married and file separately than individuals who are single. If petitioners had paid closer attention to their accountants' work product, they would have caught these obvious errors. See Boykin v. Commissioner, T.C. Memo. 1984-297. We therefore conclude that petitioners did not act reasonably or prudently in filing their income tax returns or reporting their tax liabilities. While it well may be that petitioners' accountants were responsible for many of petitioners' tax problems and hindered them from fully complying with the law (and we so assume for purposes of this proceeding), their accountants' misbehavior and inaction do not excuse petitioners from their obligations to timely file accurate returns. The harm caused by an accountant's malpractice should be dealt with in the civil courts. Petitioner exercised his right to sue his accountants and collected some damages from both of them. *605 Petitioners have failed to prove that they were not negligent. We therefore sustain respondent's determinations of additions to tax for negligence for all taxable years in issue. Rule 142; Enoch v. Commissioner, 57 T.C. 781 (1972). C. Section 6661 -- Substantial Understatement
Section 6661(a) provides for an addition to tax equal to 25 percent of an underpayment attributable to a substantial understatement of income tax. [12] An "understatement" is defined as the excess of the amount of tax required to be shown on the return over the amount actually shown on the return. Sec. 6661(b)(2)(A). If no return is filed or if the return (other than a return filed under section 6014) shows no tax due, the amount of tax shown on the return is considered to be zero. Hesselink v. Commissioner, 97 T.C. 94 (1991); sec. 1.6661-2(d)(2), Income Tax Regs. An understatement is substantial if it exceeds the greater of 10 percent of the tax required to be shown on the return or $ 5,000. Sec. 6661(b)(1)(A). *606 If the taxpayer had "substantial authority" for treating the item in question the way he did, then there is no "understatement" as to that item. Sec. 6661(b)(2)(B)(i). There also is no "understatement" as to the item if the taxpayer adequately disclosed the tax treatment of the item. Sec. 6661(b)(2)(B)(ii). There was no substantial authority for the positions taken on any of petitioners' returns for the years in question. Moreover, there is no evidence in the record that petitioners had any authority for these positions. Thus, in order to escape this addition to tax, petitioners must have adequately disclosed on their returns the items that gave rise to the understatement. A return complies with the adequate disclosure exception if it is accompanied by a disclosure statement (usually on Form 8275) or if disclosure is made on the return. Sec. 1.6661-4(b), Income Tax Regs. Disclosure is adequate if the return provides information sufficient to enable respondent to identify the potential controversy. Schirmer v. Commissioner, 89 T.C. 277, 285-286 (1987). None of petitioners' returns included any disclosure statement and they did not provide *607 any such information. Therefore, petitioners do not benefit from the disclosure exception provided in section 6661(b)(2)(B)(ii). Dr. Radabaugh understated his income tax by the following amounts for the years 1982, 1983, and 1985. Year
Understatement
1982
$ 10,747.11
1983
25,375.83
1985
10,956.96
These amounts are "substantial" within the meaning of section 6661(b)(1)(A). For the year 1984, Dr. Radabaugh did not originally file a return. However, Mr. Radabaugh did file a return for that year and reported $ 424.87 in tax. On April 18, 1988, after an audit had begun, petitioners filed a joint amended return for 1984. For the year 1984, respondent determined that petitioners jointly understated their income tax by $ 35,003.66. This amount is also "substantial" within the meaning of section 6661(b)(1)(A). We therefore sustain respondent's determinations for the additions to tax under section 6661(a). To reflect the foregoing, Decision in docket No. 5798-90 will be entered under Rule 155. Decisions in docket Nos. 5825-90 and 5826-90 will be entered for respondent. Footnotes
1. Cases of the following petitioners are consolidated herewith: John C. Radabaugh, Jr. and Patricia A. Radabaugh, docket No. 5825-90, and Patricia A. Radabaugh, docket No. 5826-90.↩
2. All references to "petitioners" are to John C. Radabaugh, Jr. and Patricia A. Radabaugh, jointly. All references to "petitioner" are to John C. Radabaugh, Jr.↩
3. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
1. Sec. 6653(a)↩ for 1980.
2. The income tax deficiencies and interest thereon have been assessed.↩
1. 50 percent of the interest due on $ 31,628.06.↩
1. The income tax deficiency and interest thereon has been assessed.↩
4. The filing date for an individual using the calendar year as his accounting period is April 15 of the year following the taxable year in question. Sec. 6072(a).↩
5. Although petitioner was married at all relevant times, he filed as a single individual rather than "married filing separately", and computed his tax as a single taxpayer. This resulted in showing lower taxes due on these returns than would have been shown if they had been properly prepared.↩
6. We note that respondent's assessment of $ 1,862 was $ 14 less than the balance due on petitioner's outstanding income tax liability as reported on his 1981 return and $ 597.61 less than the total tax liability as reported on that return. Nothing in the record explains this discrepancy.↩
7. The tax liability for the year 1984 is discussed infra↩ pp. 10-11.
8. Petitioner's total deficiency for 1981 was $ 31,544.85. On Jan. 5, 1985, respondent assessed $ 1,862 of this amount.↩
9. Mrs. Radabaugh filed her 1984 and 1985 individual income tax returns under her maiden name, Patricia A. Curtin. She adopted her husband's surname in 1986.↩
10. Although Mrs. Radabaugh was married when her 1984 and 1985 returns were filed, they showed that she was a single taxpayer and computed her tax on that basis. Filing as a "single" taxpayer rather than "married filing separately" resulted in showing lower taxes due on these returns than would have been shown if they had been properly prepared.↩
11. For the year 1980, the operative provision is sec. 6653(a). That section was subsequently amended to include sec. 6653(a)(1) and (2)↩. Economic Recovery Tax Act of 1981, Pub. L. 97-34, sec. 722(b), 95 Stat. 172, 342.
12. The 25-percent rate enacted by Congress in the Omnibus Budget Reconciliation Act of 1986, Pub. L. 99-509, sec. 8002, 100 Stat. 1874, 1951, is applicable to returns due after Jan. 1, 1983 if the amount is to be assessed after Oct. 21, 1986. Pallottini v. Commissioner, 90 T.C. 498 (1988); Notice 87-78, 1987-2 C.B. 387↩.